### 16527. SAUNDERS & McMULLIAN *v.* HUDSON.

The judge's remark to counsel, complained of in the motion for a new trial as an expression of opinion upon the evidence of a witness then on the stand, is not ground for a new trial.

On the trial of an action to recover from a partnership a sum paid by the plaintiff on the purchase-price of the partnership business, the death of a member of the firm did not render inadmissible as evidence for the plaintiff a letter addressed to the firm by the plaintiff, in the lifetime of that member, stating that the latter told him that the firm would return the money.

The charge of the court was not subject to the exception taken as to the statement therein of an admission on the part of the defendants.

The verdict in favor of the plaintiff (a second verdict) is supported by the evidence, and no error of law appears.

DECIDED DECEMBER 22, 1925.

Complaint; from Seminole superior court—Judge Yeomans. April 29, 1925.

R. A. Hudson sued a partnership, composed of J. T. Saunders and A. J. McMullian, for $3,500, alleging: that the plaintiff purchased from the defendants the firm business, consisting of lands, leases, naval stores, and other personal property; that the consideration of the sale was $32,000,—$3,500 cash, and the balance in two notes, one for $5,000, payable March 23, 1919, the other for $3,500, payable October, 1919, and the payment of an indebtedness of the selling firm to named factors, amounting to $20,000, and that he made the cash payment of $3,500, and executed the two notes; that it was agreed between them that the selling firm should arrange with the said factors for them to take the plaintiff's paper and obligation in lieu of the firm's which they held, and that, looking to that end, A. J. McMullian was immediately to accompany him to Savannah to perfect the arrangement; but instead of McMullian going with him to Savannah, Saunders, the other partner, went with him; that their effort to obtain the substitution of his paper for the paper of the selling firm was fruitless, the factors refusing to make such change; that the parties to the sale thereupon mutually agreed to rescind it, the firm agreeing to deliver back to the plaintiff his notes, and pay over his cash payment of $3,500; that while they in fact returned to him his two notes, they failed and refused to pay him the $3,500; and he prayed judgment for that sum and interest. The defendants in their plea admitted the sale and that they received the cash pay-

ment of $3,500 and the two notes, but denied that there was any agreement on their part to negotiate a substitution of the plaintiff as debtor to their factors in lieu of themselves; they alleged that the object of their trip to Savannah was to arrange for the payment of the debts due to the factors which had been assumed by the plaintiff; that while a rescission was agreed upon, the terms were different from those stated by the plaintiff; that the rescission agreement was to the effect that they would declare the trade off by their turning back to the plaintiff the two notes, and his turning over to them his deeds, papers, etc., and allowing them to retain the $3,500 cash payment which had been made by him; and they alleged that upon such rescission they resumed control of their property and business. The trial of the case resulted in a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted. It appears that this is the second verdict for the plaintiff; a former verdict having been set aside. See *Saunders* v. *Hudson*, 30 *Ga. App.* 732 (119 S. E. 535).

*Hartsfield & Conger*, for plaintiffs in error.

*Pottle & Hofmayer, John R. Wilson*, contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. The following occurred on the trial: Counsel for defendants had been questioning Hudson, the plaintiff, asking him if he meant to intimate that one of the defendants, McMullian, had falsely claimed to have been sick, and finally Hudson appealed in an apologetic manner to the court for relief, the judge construing what he said as disclaiming any intention of reflecting upon Mr. McMullian, and remarking to counsel, "I think the explanation is satisfactory." Defendants in their motion for new trial assign error upon this language of the court as being an expression of opinion upon the evidence, and an invasion of the province of the jury. We do not think, under the circumstances, that there was any harmful error in this remark of the court.

2. The plaintiff offered in evidence, and the court admitted, over objection, a letter dated September 25, 1919, written by the plaintiff and addressed to Saunders & McMullian, Grandridge, Florida. The following part of this letter was especially objected to: "After we left the latter's office (Chestnut & O'Neal's in Savannah) and before we boarded the train for home I asked Mr. Saunders if they would not return my money, and he unhesitat-

ingly said they certainly would." The objection urged to this portion of the letter was that J. T. Saunders was dead at the time of the trial. It appears that this letter was written by the plaintiff and addressed, not to Saunders, but to the defendant partnership, and mailed to its place of business at Grandridge, Florida. It was admitted that J. T. Saunders was in life at the time the letter was written. The brief for the plaintiffs in error sets forth the following: "The evidence further disclosed that Saunders, the deceased member of the firm, resided in Seminole county, Georgia, and that the letter was not addressed to his post-office. There was no intimation that the deceased member ever received or saw the letter referred to." Taking this statement as true, it does not follow that the letter could have been considered a transaction or communication had by the plaintiff solely with the deceased partner. We do not think that the court erred in admitting this letter, under the circumstances stated. See Civil Code (1910), § 5858 (2).

3. Movants further complained of the following excerpt from the charge of the court: "The defendant, as the court understands, also admits that there was a rescission of the contract of sale, or rescission of the sale, and that they remained in possession of the property." Movants complained that the excerpt was error for the reason that there had been no admission by the defendants that they remained in possession. Certain excerpts from the answer of the defendants clearly show that they did take possession of the property after the rescission of the sale. In one place they say: "After the rescission of said contract of purchase and sale, and after the plaintiff had been in possession of and managing said business, for a period of one week, the defendants took charge," etc. Further they say: "When the defendants resumed control of said property and business," etc. The language of the excerpt complained of was used in connection with what the judge was saying with reference to the rescission; at that point he was not talking about possession of the property prior to the time of the rescission. He was referring to admitted possession of the property by the defendants after the rescission. The excerpts from the evidence, cited by the plaintiff in error, tending to show that there was a dispute as to whether the plaintiffs or the defendants were in possession of the property, all relate to possession antedating the

time of the rescission. We think it was admitted by the defendants that they were in possession of the property after the rescission; and, when properly applied, this language of the court implied nothing more than that the defendants were in possession after the rescission. That being true, we find no harmful error in this statement of the court.

*Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*